# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-25-272-PRW |
| | ) | |
| ANDRE DESHON LEE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the Government's Motion for a Preliminary Order of Forfeiture (Dkt. 32). On July 22, 2025, the Government filed an Information (Dkt. 19) against Defendant Andre Deshon Lee, charging him with one count of Felon in Possession of a Firearm and one count of Possession of Phencyclidine with Intent to Distribute. The Information also contained forfeiture allegations for (1) a Taurus, model millennium PT 111 Pro, 9mm caliber pistol, bearing serial number TDM28208; (2) approximately $2,820.00 in U.S. Currency; and (3) any and all ammunition and magazines not otherwise specified. Defendant pleaded guilty to both counts on August 25, 2025. The Government never sought a preliminary order of forfeiture for the items named in the Information. On May 21, 2026, the Court sentenced Defendant to a total of 168 months' imprisonment. Because the Government had not sought forfeiture, the Court did not include forfeiture in its sentence. Nor did the Government raise the issue at sentencing.

1

After the sentencing hearing (but before the Court entered judgment), the Government belatedly sought a preliminary order of forfeiture (Dkt. 32). In the Motion for a Preliminary Order of Forfeiture (Dkt. 32), the Government points to no case law, statute, or rule that would permit the Court to enter a preliminary order of forfeiture after sentencing. In fact, the Government cites to Federal Rule of Criminal Procedure 32.2(b)(2)(B), which states "[u]nless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant[.]" While Rule 32.2(b)(2)(B) is "a time-related directive that, if missed does not deprive the judge of her power to order forfeiture against the defendant,"[1] it's unclear if such principle applies when the Government—with no suggestion that it was impracticable to do so earlier—waits until after the sentence has been pronounced to seek forfeiture.[2] Rules 32.2(b)(4)(A) and (B), after all, render a preliminary order of forfeiture final at sentencing and requires the court to "include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing."

---

[1] *McIntosh v. United States*, 601 U.S. 330, 342 (2024) (noting that the parties thoroughly discussed forfeiture at sentencing and the district court even ordered forfeiture at the sentencing).

[2] *See United States v. Martin*, 662 F.3d 301, 312 (Gregory, J., concurring in part) (drawing a distinction between missed 32.2 deadlines scenarios where the court did or did not discuss forfeiture at sentencing).

The Court **ORDERS** the Government to **SHOW CAUSE** why the Motion for a Preliminary Order of Forfeiture should not be denied. The Government shall respond on or before May 26, 2026. The response should state whether Defendant opposes the Motion.

**IT IS SO ORDERED** this 22nd day of May 2026.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

3